IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**KING MIGUEL EDDIE CRAYTON,**

    **Plaintiff,**

v.                                                              Civil Action No. 3:25-cv-00040

**PAMUNKEY REGIONAL JAIL,**

    **and**

**CHAVIS,** *S.G.T. Officer Correction,*
in his individual capacity,

    **Defendants.**

## MEMORANDUM OPINION

This matter comes before the Court on *pro se* Plaintiff King Miguel Eddie Crayton's Amended Complaint. (ECF No. 5.)

Mr. Crayton's Amended Complaint offends Federal Rule of Civil Procedure 8, which requires a short and plain statement of the grounds for this Court's jurisdiction and a statement of the claims showing that the plaintiff is entitled to relief. The Amended Complaint also fails to comply with the Court's February 13, 2025 directives regarding the Amended Complaint. (ECF No. 4.)

On February 13, 2025, the Court ordered that Mr. Crayton file an Amended Complaint "which outlines in simple and straightforward terms why Mr. Crayton thinks that he is entitled to relief and why the Court has jurisdiction over his case." (ECF No. 4, at 1.) The Court ordered that the Amended Complaint comply with the following directions:

1. At the very top of the amended pleading, Mr. Crayton must place the following caption in all capital letters: "AMENDED COMPLAINT FOR CIVIL ACTION NUMBER: 3:25cv40."

2. The first paragraph of the particularized amended complaint must contain a list of defendant(s). Thereafter, in the body of the particularized amended complaint, **Mr. Crayton must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to his claims for relief.** Thereafter, **in separately captioned sections, Mr. Crayton must clearly identify each federal or state law allegedly violated.** Under each section, Mr. Crayton must list each defendant purportedly liable under that legal theory and explain why he believes each defendant is liable to him. Such explanation should reference the specific numbered factual paragraphs in the body of the particularized amended complaint that support that assertion.

3. Mr. Crayton shall also include the relief he requests – what in the law is called a "prayer for relief."

4. The particularized amended complaint must stand or fall on its own accord. Mr. Crayton may not reference statements in the prior complaint.

5. The particularized amended complaint **must omit any unnecessary incorporation of factual allegations for particular claims and any claim against any defendant that is not well-grounded in the law and fact.** See *Sewraz v. Guice*, No. 3:08cv35 (RLW), 2008 WL 3926443, at *2 (E.D. Va. Aug. 26, 2008).

(ECF No. 4, at 2 (emphasis added).) The Court advised Mr. Crayton that "the failure to strictly comply with the Court's directives and with applicable rules will result in DISMISSAL OF THIS ACTION WITHOUT PREJUDICE." (ECF No. 4, at 2 (emphasis in original).)

The Court finds that Mr. Crayton's Amended Complaint does not comply with the clear instructions set forth in the Court's February 13, 2025 Order. (ECF No. 4.) Specifically, the Amended Complaint, which is discursive and difficult to decipher, (1) does not clearly "set forth . . . in separately numbered paragraphs, a short statement of the facts giving rise to his claims for relief;" (2) does not "explain why he believes each defendant is liable to him . . . [and] reference the specific numbered factual paragraphs in the body of the particularized amended complaint that support that assertion;" and, (3) does not "omit any unnecessary incorporation of factual allegations for particular claims and any claim against any defendant that is not well grounded in

2

the law and fact." (ECF No. 4, at 2.) Pursuant to Federal Rule 41(b), the Court may dismiss an action when a plaintiff fails to comply with a court order. *See* Fed. R. Civ. P. 41(b); *Zaczek v. Fauquier Cnty.*, 764 F. Supp. 1071, 1075 n.16 (E.D. Va. 1991) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)) (explaining that a court may "act on its own initiative" with respect to dismissal under Federal Rule 41(b)).

Accordingly, Mr. Crayton's Amended Complaint is DISMISSED WITHOUT PREJUDICE. (ECF No. 5.)

An appropriate Order shall issue.

It is SO ORDERED.

Date: 3/6/25
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge